We'll hear first from Appellant. I please the court, Sandeep Savla from Latham & Watkins, on behalf of Appellant Richard Abbey. This appeal raises one limited issue for this court, which is whether the district court carried out its duty to conduct a mandatory sanctions review as required by the PSLRA. The PSLRA requires that the district court shall include in the record specific findings regarding compliance by each party and each attorney with each requirement of Rule 11. And here the district court issued a endorsed order, a one sentence endorsed order, in which it denied Appellant's sanctions application, quote, for substantially the reasons set forth in the plaintiff's letter. We submit that this endorsed order does not meet the requirements of the PSLRA's mandatory review provision, that it is contrary to the statutory text of the PSLRA, and that it does not fulfill the congressional intent that's embedded in the PSLRA. I'll note that this court ruled in ENDOVACIC in 2006. I have one question. Yes. It wasn't clear to me whether the district court was denying a motion for sanctions or whether it was simply denying a request for a pre-motion conference. And the point is well taken because we also poured over that one sentence order. It seemed that the court converted the pre-motion letter for a conference into an actual motion and then ruled on the motion and denied the application. Now, the court did incorporate by reference the plaintiff's August 12th letter. And if there were reasons spelled out in that August 12th letter, why would that not be sufficient? It's not sufficient because the PSLRA actually requires in the record findings. What the court said is for substantially the reasons set forth by the plaintiff, it's denying the application. It's not uncommon for a district judge to make findings by incorporating what's set out in a party's submission. It's not uncommon, but that's not what the PSLRA requires here. In this court's ruling in Endovacic, the district court judge had actually a more substantial ruling and said that it found that the complaint was not filed for an improper purpose, that it did not present a frivolous legal position, and it did not completely lack evidentiary support. Even after that ruling, this court held that it was obligated to remand to the district court. Again, another case, this is an out-of-circuit case, but it's probably the best case in terms of setting forth what's required by a mandatory sanctions review. And that's the Thompson case from the 11th Circuit. And the court notes that the PSLRA, by its explicit terms, requires findings as to each claim, each party, and each attorney. That's not what took place here. I'll just say that the Thompson case is also helpful in terms of setting forth the sort of inquiry that's required by the district court. And this is the other reason why it's not enough to say that the court substantially adopts a briefing. The Thompson case noted that the district court has familiarity with the factual circumstances that must be considered in a PSLRA sanctions analysis, including whether the law has violated Rule 11 by filing complaints for improper purposes. And the court noted that that is inherently a subjective analysis that likely requires testimony from counsel. Again, that did not take place here. Unless the court has questions, I wouldn't belabor the submissions, and I'll rest there and save time for rebuttal. Thank you, Counsel. We'll hear from Appellee. Good morning, Your Honors. May it please the court? Michael Maloney on behalf of Plaintiffs' Appellees Morton Bin and Marisol F. LLC. I'd like to address the first question presented to my opponent regarding whether the court denied the application for a pre-motion conference or construed the application for a pre-motion conference as the motion itself. I submit that the relevant precedent is Best Payphones Incorporated versus Manhattan Telecoms Corporation cited in our brief. In that decision, this court held that a district court may properly construe a pre-motion letter as the motion itself, so long as each party has an opportunity to make their case in the letter submissions. Given the length and detail of the letters submitted here, the district court properly construed defendant's application as the motion itself and denied it. Counsel, as opposing counsel points out, the court did not make findings itself. Is it enough to just rely on a letter? Your Honor. Which the statute requires. Your Honor, to address that point, I'd like to refer the court to Anderson versus Bessemer, the Supreme Court case centered on our brief. In this court's decision in Lamb versus Amherst Corporation, district courts may properly adopt proposed findings of facts and conclusions of law submitted by parties. And so long as the court does so, that's the findings of the court. Were these proposed findings or were these merely an articulation of what the movement was asserting? I'm sorry, Your Honor, I did not hear the last part of your question. Or were these merely, did Judge Stanton merely adopt a set of facts as, which were part of or what the movement was suggesting were the facts operable, operative in this case? I mean, I'll back up. When I finished in a trial to court and the court says, all right, counsel, you have two weeks to give me proposed findings. Each side slides in proposed findings. And in that circumstance, it seems to me, yes, the court can adopt those if it agrees with them. And those are all findings. That's quotes in findings. All right. Great thing about Zoom, right? Anyway, but it seems to me what you may be arguing about aren't those, or what you are proposing aren't those proposed findings. They're an articulation, a good articulation. And the question we're wrestling with is, is that a way that the court can also make findings? I believe in this case the court properly adopted the factual assertions in plaintiff's letter as proposed findings of facts. The letter included citations to the record in this case. It recited the facts supported by the pleadings. The evidence submitted on the motion for summary judgment. And that's sufficient to constitute proposed findings of facts in this case. I think also to address. The judge did not say he's adopting the letter as findings of facts. He said for substantially the reasons this application is denied, so ordered. He did not say I'm making these my findings of facts. Doesn't the statute require that kind of specificity? Well, plaintiffs submit that a district court need not invoke magic words or specific legal terms to adopt proposed findings of facts. I think that the fact that the court considered both parties' submissions and the facts contained therein is demonstrated by the fact that the court's endorsed order was made on a copy of defendant's submission. The court obviously looked at both and considered them and made a ruling based on them. And in that ruling it adopted the proposed facts submitted by the plaintiffs. And then to address the question of specificity, the reason why we point to Anderson and Lamb as relevant precedent is because those decisions were bench decisions made pursuant to rule 52A1. And the standard under 52A1 is that the court must find the facts specially. And plaintiffs submit that there's no difference between that standard to make a finding of facts specially as compared to the standard set forth in the PSLRA to make specific findings. It's the same standard, Your Honors. And that's exactly what the district court did here. Are we elevating form over substance if we say the judge would have had to take your letter and reduce it to a document called findings of fact and then add conclusions of law? Is that not forcing a district court who is very busy to take time out to do what is essentially a ministerial task? Your Honor, I believe that is correct. A district court, as I mentioned before, need not invoke magic words to accomplish its job. The district court can properly adopt proposed findings of fact inclusions of law and need not separately take the time out of its busy schedule to restate them in its own words in a separate document. In this case, plaintiff submission accurately recited the facts and set forth conclusions of law that the court adopted. One additional point I'd like to note that defense reliance on the Rodenko versus Costello case in their reply brief. I submit as incorrect that opinion cited was withdrawn at a later decision by this court at Rodenko versus Costello 322 F3rd 168 Second Circuit 2003. And unless the court has any further questions, I will refer the court to plaintiff's briefs. Thank you, counsel. Mr. Sala, you have three minutes for rebuttal. And I'd like you to start with an answer to my question. Yes. Elevating form over substance. It's not elevating form over substance because the court is required to make specific findings. If the court can point to specific portions in a brief and say, I point to page five, six and seven. And these are the specific findings. It's not an onerous task for the court, but the court still has to go through the exercise. The PSRA, in fact, requires the court to go through that exercise. And the exercise is? The exercise is getting on the computer, scanning it in, reducing it to word, bringing it over to a document and signing. These are my findings. And those are my specific findings in the record. The statute is very specific and says the findings have to be with respect to each claim, each party and each attorney. If the district judge did what Judge Hall just suggested, take the letter, convert it into a document and then sign it, would that be sufficiently specific findings and conclusions? Yes. If the district court were to take a document that was submitted by the parties and then reduce it to its own order and make specific findings, that would be sufficient. No, no, no. Don't add the latter and and say these are my specific findings, but not change a word in the in the iteration of those of the facts. These are my findings, colon. All right. On due consideration, of course. And then recite. You just block in the rest of the letter. And back to Judge Chin's question. Would you be here complaining? No. What's the difference between that and what Judge Stanton did? Because Judge Stanton did not make did not do that exact exercise of taking findings that were in the briefing, reducing it to a separate document, and then saying this, these are my findings. Do you think that Judge Stanton in his mind, in his head, did the analysis on whether sanctions were warranted? I could not tell you whether Judge Stanton did the analysis, but what I can say is that the specific findings to answer Judge Hall's question, if the parties had set forth specific findings and the judge had copied that and taken that verbatim and made findings as to each required element, that would be sufficient. We're not requiring more, but that's not what happened here. Is his phraseology substantially for the reasons a problem for our proceeding down the path I've suggested? It is because... Because it's not specific? Because it's not specific and it's not a finding. Thank you. Thank you. Your time has elapsed. I think we know the issue pretty well. We'll reserve decision. Thank you both.